

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

November 29, 1973

The Honorable John Park Davis
County Attorney
Montague County
Montague, Texas 76251

Opinion No. H- 163

Re: Application of Article
2368a, V. T. C. S., to
purchase if paid for
with funds on hand,
creating no obligation
or debt for county

Dear Mr. Davis:

Your request for an opinion poses the following question: Are bids for road machinery costing over $2,000.00 required if it will be paid for out of county funds on hand and the purchase is not being made out of funds creating an obligation or liability on the county?

The controlling statute is Article 2368a, §2, Vernon's Texas Civil Statutes, which provides in part:

"No county, acting through its Commissioners Court, . . . shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand Dollars ($2,000.00) or more out of any fund or funds of any . . . county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, . . . without first submitting such proposed contract to competitive bids. . . . Provided, however, that the provisions of this Act shall not apply to counties having a population of more than three hundred fifty thousand (350,000) inhabitants according to the last preceding or any future Federal Census."

Section 2b provides:

> "Contracts for the purchase of machinery for
> the construction and/or maintenance of roads and/or
> streets, may be made by the governing bodies of all
> counties and cities within the State in accordance with
> the provisions of this Section. The order for purchase
> and notice for bids shall provide full specification of
> the machinery desired and contracts for the purchase
> thereof shall be let to the lowest and best bidder."

Your question indicates an interpretation of the above quoted language wherein the phrase "creating or imposing an obligation or liability. . ." would refer to "fund or funds. . . ." We disagree.

The words of Article 2368a, § 2, "creating or imposing an obligation or liability . . . upon such county . . . .", refers to the contract and not to the fund. The words "out of any fund or funds of any . . . county or any subdivision of any county" were not included in § 2 until it was amended in 1947 (Acts 1947, 50th Leg., p. 283, ch. 173). A reading of § 2 leaving out those words makes it clear that the phrase "creating or imposing an obligation or liability of any nature or character upon such county. . . ." must have originally referred to the word "contract."

Moreover, a contract by its very nature creates an obligation or liability whereas a fund does not.

Our construction is bolstered by the language of § 5 of Article 2368a which provides:

> "The notice required in Section 2 . . . shall
> not be applicable to expenditures payable out of
> current funds. . . ."

If bidding were not required for expenditures out of current funds, it would be fruitless to specifically eliminate the notice requirement for such expenditures. See Attorney General Opinions M-172 (1967), V-1082 (1950).

It is our opinion that competitive bidding is required for road machinery costing over $2000 which is paid out of funds on hand.

## SUMMARY

Bids for road machinery costing $2,000 or more are required even if it will be paid for out of county funds on hand.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee